Richard P. Sybert, Bar No. 80731
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Tel (760) 476-1990 / Fax (760) 841-2375

Reid E. Dammann, Bar No. 249031
rdammann@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Tel (213) 576-5000 / Fax (213) 680-4470

Attorneys for Plaintiff
LANARD TOYS LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| Lanard Toys Limited<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dimple Child LLC<br><br>　　　　Defendant. | CASE NO. 2:19-cv-616<br><br>**COMPLAINT FOR**<br><br>**1) COPYRIGHT INFRINGEMENT [17 U.S.C. §101 *ET SEQ*];**<br><br>**2) TRADE DRESS INFRINGEMENT [15 U.S.C. §1125(A)];**<br><br>**3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**<br><br>**4) NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**<br><br>**5) CALIFORNIA UNFAIR COMPETION; [Cal. B.&P. Code §17200 *et seq*.].** |
|---|---|

### COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Lanard Toys Limited ("Lanard" or "Plaintiff") hereby alleges the following as its Complaint against Defendant Dimple Child LLC ("Dimple Child" or "Defendant").

# NATURE OF THE ACTION

2. This is an action for copyright infringement, trade dress infringement, intentional and negligent interference with prospective business advantage, and unfair competition, arising from Defendant's past and maybe continued unauthorized copying and use of a distinctive copyright protected toy engine embodied in products sold by Lanard, including at least its "Workman-Engine Builder Kit." Defendant's misappropriation and intentional conduct in selling, and continuing to sell, its "Dimple Take Apart Toy Engine and Tool" has irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

# JURISDICTION AND VENUE

3. This is an action for damages and injunctive relief against Defendant arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and includes related claims for intentional and negligent interference with prospective business advantage, and unfair competition arising under state law.

4. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and includes claims of intentional and negligent interference with prospective business advantage, and unfair competition that are joined with substantially related claims under the copyright and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

5. This Court has supplemental jurisdiction over the state law claim of this complaint pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b), as a substantial part of the

events giving rise to the claims in this complaint occurred in this judicial district. Lanard has a wholly-owned design subsidiary through which it does business, employs people, and maintains property. Defendant resides within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

7. Upon information and belief, Defendant regularly conducts business in this district and throughout the United States, and actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused products at issue in this lawsuit. Defendant's contacts with this district are sufficient to confer personal jurisdiction over Defendant.

## PARTIES

8. Plaintiff Lanard Toys Limited is a Hong Kong company with its principal place of business at Elite Centre, 28th Floor, 22 Hung To Road, Kwun Tong, Kowloon, Hong Kong. Lanard manufactures and sells toys throughout the world, including to companies in the United States.

9. Upon information and belief, Defendant Dimple Child is a New York corporation with its principal place of business at 5926 16th Avenue, Brooklyn, New York 11204. Dimple Child is a general merchandise retailer, featuring top brands, as well as its own, selling through at least DimpleChild.com and throughout the United States, including in California.

## BACKGROUND

### Lanard And Its Distinctive Toy Engine Product

10. Lanard is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other toy retailers.

11. In 2008, Lanard's designers developed a unique and original toy engine product. It is a battery operated engine that includes lights and sound, and



1  can be

2  the pis

3

4  Builde

5  in poir



27  13. Lanard published its work in 2008. It submitted a copyright
28  application for the subject matter to the United States Copyright Office and

- 4 -
COMPLAINT

received a registration for the same; the United States Copyright Office providing Registration No. VAU1-005-788. A true and accurate copy of the registration, is attached hereto as Exhibit A. Since that time, Lanard has remained the sole owner of the copyright.

14. Lanard's Toy Engine has been a success in the market, with major United States retailers, including Wal-Mart, Albertsons, and Hobby Lobby making substantial sales of the product.

15. By virtue of significant sales, quality and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with its Toy Engine and the trade dress associated therewith. Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in the Toy Engine has become well known to consumers and the trade by widespread, continuous, and exclusive use thereof. The purchasing public and customers of Lanard associate the Toy Engine trade dress exclusively with Lanard. Such trade dress is protectable and has acquired secondary meaning.

16. As a result of the foregoing, the relevant public has come to recognize an association between the Toy Engine design and Lanard, and have come to understand toy engines having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard.

**Dimple Child's Wrongful Conduct**

17. Dimple Child is now and has been offering for sale in this district, and elsewhere in the United States, unauthorized and infringing copies of Lanard's Toy Engine.

18. A picture of the "Dimple Take Apart Toy Engine and Tool" product offered by Dimple Child is reproduced below (hereinafter "Knockoff Toy" or

"Accused Product"). The unauthorized Knockoff Toy product copies the protectable expression in Lanard's design, as shown in the comparison below.

| ACCUSED PRODUCT | LANARD'S REG. NO. VAU1005788 |
|---|---|
|  |  |

19. Dimple Child is marketing, advertising, and selling products embodying trade dress and substantially similar to Lanard's copyrighted work.

20. Because of Lanard's unmistakable trade dress and original work, the relevant public has and continues to be deceived and/or confused into believing that Dimple Child's Accused Product originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

21. Dimple Child's unauthorized reproduction of Lanard's trade dress has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's work and Lanard.

22. Dimple Child's unauthorized copying has been willful, and Dimple Child intentionally or negligently interfered with Lanard's business relations by

1 offering to sell the Accused Product, thereby wrongfully diverting sales from Lanard.

23. Dimple Child's unauthorized copying, promotion, and sale of the infringing products has caused Lanard irreparable financial harm.

24. Upon information and belief, by the acts alleged above, Dimple Child has made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement Under 17 U.S.C. § 101 et seq.

25. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Lanard has established protection in the design of its Toy Engine packaging and its design constitutes copyrightable subject matter under the copyright laws of the United States. Lanard is the owner of U.S. Copyright Registration No. VAU1-005-788 directed to the design. Lanard is the owner of all right, title, and interest in and to the copyright in this design.

27. Defendant's copying and use of Lanard's copyrighted subject matter is a violation of Lanard's exclusive rights to the original work of authorship, including but not limited to the exclusive right to make reproductions and distribute copies to the public. The infringing copies include at least the Accused Product.

28. Upon information and belief, the acts of Dimple Child were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

29. The aforesaid infringement by Dimple Child has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## Trade Dress Infringement Under 15 U.S.C. § 1125(a)

30. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Dimple Child's use of Lanard's trade dress in commerce, including the trade dress in Lanard's Toy Engine product, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendant's goods by Lanard, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

32. The acts by Dimple Child were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights and were done with full knowledge of the falsity of the designation of origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendant's products.

33. As a result of the likelihood of confusion that now exists in the marketplace, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

34. Defendant has made substantial profits based on its unauthorized sales of the Accused Product.

35. The aforesaid infringement by Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## Intentional Interference with Prospective Business Advantage

36. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37. By the aforesaid acts, Dimple Child is interfering with Lanard's prospective and actual business advantage and advantageous relationships with authorized dealers, distributors and retailers, without justification, thereby causing damage to Lanard.

38. On information and belief, Lanard alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon Lanard's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Lanard damage.

## FOURTH CLAIM FOR RELIEF

### Negligent Interference with Prospective Business Advantage

39. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. By the aforesaid acts, Dimple Child is interfering with Lanard's prospective and actual business advantage and advantageous relationships with authorized dealers, distributors and retailers, without justification, thereby causing damage to Lanard.

41. On information and belief, Lanard alleges that the aforesaid acts were committed negligently, and as a consequence, resulted in trading upon Lanard's goodwill and business reputation, with the lack of right to do so, and said acts have caused Lanard damage.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition Under California
### Bus. & Prof. Code § 17200 *et seq*.

42. Plaintiff realleges and incorporates herein by this reference each of the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. The aforementioned acts by Dimple Child in causing confusion among the relevant public and causing a false association or sponsorship between Dimple Child's goods and Lanard, in California and elsewhere constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code Section 17200, *et seq*.

44. The acts by Dimple Child were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

45. As a result of Dimple Child's unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

46. Dimple Child has made substantial profits based on its unauthorized sales of the Accused Product.

47. Upon information and belief, the aforesaid conduct by Dimple Child has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business. Lanard has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lanard demands judgment as follows:

A. A declaration that Dimple Child has willfully infringed Lanard's copyrighted works;

B. A preliminary and permanent injunction enjoining Dimple Child, its officers, agents, servants, employees, attorneys, and those in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from copying, distributing, selling, reproducing, or preparing derivative works of any original works of authorship of Lanard, ordering Dimple Child to cancel all orders for the Accused Products and those substantially similar to Lanard's copyrighted works, ordering Dimple Child to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in

their possession referring or relating to the infringing products, or other products substantially similar to Lanard's copyrighted works and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Dimple Child to recall any and all infringing goods, or other products substantially similar to Lanard's copyrighted works;

  C. A declaration that Dimple Child willfully infringed Lanard's trade dress;

  D. A preliminary and permanent injunction enjoining Dimple Child, its officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

    1. utilizing or imitating Lanard's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress which is confusingly similar to the overall trade dress of Lanard's goods;

    2. injuring the commercial reputation, renown, and goodwill of Lanard;

    3. interfering with Lanard's prospective business advantage; and

    4. unfairly competing with Lanard in any manner whatsoever

and ordering Dimple Child to cancel all orders for the Accused Products embodying trade dress confusingly similar to Lanard's trade dress, ordering Dimple Child to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products incorporating trade dress confusingly similar to Lanard's trade dress and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Dimple Child to recall any and all infringing

goods, or other products incorporating trade dress confusingly similar to Lanard's trade dress;

E. An award to Lanard of its actual damages and for all profits realized by Dimple Child in connection with its infringing activities;

F. An award to Lanard of treble, statutory, exemplary, and/or punitive damages;

G. An award to Lanard of its reasonable attorney fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117(a), filing fees, and the costs of this action;

H. Prejudgment and post judgment interest on the above monetary awards; and

I. Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated: January 25, 2019

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Richard Sybert*
Richard P. Sybert
Reid E. Dammann
Attorneys for Plaintiff
LANARD TOYS LIMITED