1 | Richard P. Sybert, Bar No. 80731
rsybert@grsm.com
2 | **GORDON REES SCULLY MANSUKHANI LLP**
5901 Priestly Drive, Suite 308
3 | Carlsbad, CA 92008
Tel (619) 230-7768 / Fax (619) 696-7124
4 |
5 | Reid E. Dammann, Bar No. 249031
rdammann@grsm.com
6 | **GORDON REES SCULLY MANSUKHANI LLP**
633 West Fifth Street, 52nd Floor
7 | Los Angeles, CA 90071
Tel (213) 576-5000 / Fax (213) 680-4470
8 | Attorneys for Plaintiff
LANARD TOYS LIMITED
9 |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | Lanard Toys Limited,                          ) Case No. 2:19-cv-00616 PA (Ex)
                                                  )
13 |                          Plaintiff,           )
                                                  ) **JOINT RULE 26(f) REPORT**
14 |          vs.                                  )
                                                  ) <u>**Scheduling Conference**</u>
15 | Dimple Child, LLC                             )
                                                  ) Date:        May 20, 2019
16 |                          Defendant.           ) Time:        10:30 a.m.
                                                  ) Courtroom: 9A
17 | _____          )

18 |         Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and

19 | Civil Local Rule 26-1, counsel for Plaintiff Lanard Toys Limited ("Lanard") and

20 | counsel for Defendant Dimple Child, LLC ("Dimple Child") respectfully file this

21 | Joint Rule 26 Report ("Joint Report")

22 | **A.      STATEMENT OF THE CASE**

23 |         **1.      <u>Lanard's Claims</u>**

24 |         Lanard is a leading manufacturer and seller of toys throughout the world,

25 | including sales on a private label basis to other toy retailers.  In 2008, Lanard's

26 | designers developed a unique and original toy engine product. The product is a toy

27 | expression of the V-Twin engine.

28 |         Lanard created an original expression of the V-Twin engine by its use of

- 1 -
JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  size, shape, arrangement, and color combinations of features other than the angle

2  of the cylinders, and in doing so, further provided the ability for the product to be

3  disassembled and reassembled as a children's toy, allowing children to be able to

4  turn the crank to watch the pistons pump and hear the engine "rev."

5      Lanard called its toy, among other terms, the "Workman-Engine Builder

6  Kit".   (hereinafter "Lanard's Design" or "Toy Engine").   Lanard published its

7  work in 2008.  It submitted a copyright application for the subject matter to the

8  United States Copyright Office and received a corresponding registration, No.

9  VAU1-005-788 ("Lanard's Registration").

10      The overall or visual appearance of Lanard's Design, including its size,

11  shape, arrangement, and color combinations, is one of a kind. There has been no

12  comparable product on the market up to and including the last twelve (12) years.

13  As a result of being the exclusive product on the market, the sales of the Toy

14  Engine have been significant, continuous, and substantial, and Lanard's

15  particularized expression and design has become a source identifier and has

16  secondary meaning in the relevant market.

17      Lanard's Toy Engine has been a success in the market, with major United

18  States retailers, including Wal-Mart, Albertsons, and Hobby Lobby, making

19  substantial sales of the product.  By virtue of significant sales, quality and

20  uniqueness of design, and the substantial time, effort, and money expended over

21  the years by Lanard in creating, promoting, and popularizing this product, Lanard

22  has developed a valuable reputation and goodwill in connection with the trade

23  dress associated Lanard's Design.

24      Lanard enjoys substantial demand for this product, and Lanard's trade dress

25  embodied in the Toy Engine has become well known to consumers and the trade

26  by widespread, continuous, and exclusive use thereof.  The purchasing public and

27  customers of Lanard associate the trade dress associated with its Toy Engine

28  exclusively with Lanard.

4816-5553-2182, v. 1

1    As a result of the foregoing, the relevant public has come to recognize an

2  association between the trade dress associated with the Toy Engine and Lanard,

3  and have come to understand toy engines having the design elements used by

4  Lanard are made exclusively by Lanard or otherwise are associated with Lanard,

5  thus the trade dress associated with Lanard's Design has secondary meaning.

6    The Toy Engine, in part, is able to be disassembled and reassembled;

7  however, this feature is not essential to the use or purpose of the Toy Engine nor

8  does it affect the cost or quality of the toy.  Further, alternative designs in the

9  market are available to achieve the result of being disassembled/reassembled, and

10  therefore Lanard's Design is non-functional.

11    Defendant Dimple Child ("Dimple") is now and has been offering for sale in

12  this district, and elsewhere in the United States, unauthorized and infringing copies

13  of Lanard's copyright and trade dress in its Toy Engine.  A picture of the "Dimple

14  Take Apart Toy Engine and Tool" product offered by Dimple Child is reproduced

15  below ("Accused Product") and Lanard's Registration No. VAU1005788 is

16  provided below.

| ACCUSED PRODUCT | LANARD'S REG. NO. VAU1005788 |
|---|---|
|  |  |

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

1    As set out below, the unauthorized Accused Product copies the original and

2 protectable expression in Lanard's Design. Separate from the fact that both the

3 Accused Product and Lanard's Registration include "V" angled cylinders, as

4 shown in common V-Twin engines, the Accused Product and Lanard's

5 Registration are virtually identical.

6    As shown *supra* an engine crankcase ("case") on V-Twin engines come in a

7 variety of shapes and sizes.  Lanard's original shape, color and open design of its

8 engine case[1] is an original work of authorship.  The engine cases between the

9 Accused Product and Lanard's Registration are identical.  Both engine cases are

10 comprised of five (5) sides, so they have the same pentagonal shape.  Further, both

11 engine cases include a nodule on the left side of the case.  Most importantly, both

12 engine cases are expressed as being open and otherwise expose the gearing and

13 belt that aligns with the crankshaft.[2]  The detail within the open crankcase

14 comprises an original work of authorship including the choice of using a larger

15 gear under the cylinders (and not the smaller as is the usual convention), the choice

16 to only use two gears as opposed to multiple, and the arrangement of the two gears

17 to the work as a whole.

18    Lanard's original shape, color and design of its push rods are an original

19 work of authorship.  The pushrods on the Accused Product and Lanard's

20 Registration are in fact identical.  As shown in the above images, pushrods on V-

21 Twin engines come in a variety of arrangements and structure, some being fully

22 embedded into the cylinder. In comparing the engines between the two toys here,

23 the pushrods are identical in structure and angle, and most importantly, connect

24 with the cylinder in the exact same way, both beginning at the base of the

25 crankcase and ending at the valve cover. These structures, angles, and connections

26

27

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

[1] An engine case houses the gears of an engine. See https://en.wikipedia.org/wiki/Crankcase

[2] An expression of an open engine case is not part of the idea of a V-Twin engine, and is otherwise an original work of authorship.

- 4 -

JOINT RULE 26(f) REPORT

4816-5553-2182, v. 1

1    are *not* necessary to function; other designs could achieve the same thing;

2    Defendant chose to <u>copy</u> Lanard's design.

3          The Accused Product and Lanard's Registration also both express the

4    distributor and spark plug wires identically.  Again, the location, color, wiring and

5    spark plug caps, in combination are all original works of authorship.  These

6    features can be placed in a variety of locations around the engine compartment,

7    but, again, Defendant Dimple intentionally placed the distributor between the

8    cylinders and used the same coloring scheme, wiring and spark plug caps as shown

9    in Lanard's Registration.

10         The cylinders in both Lanard's Registration are original works of authorship,

11   and upon comparison with Lanard's Registration, the Accused Product is

12   substantially similar. The connection between the points that house the spark plugs

13   (not shown in the images above) to the spark plug caps are identical. These come

14   in a variety of shapes and sizes in the market, yet are virtually indistinguishable in

15   this case.

16         The fins attached to the cylinder are original works of authorship, and are of

17   the same arrangement and structure in both Lanard's Registration and the Accused

18   Product. Furthermore, the Lanard's original attachment points placed around the

19   cylinders are identical in number and location in the Accused Device.

20         Based on a comparison of least the above features, the inference is

21   inescapable that Dimple intentionally copied the original expression in Lanard's

22   Registration and is marketing, advertising, and selling the Accused Product, which

23   is substantially similar to Lanard's copyrighted work.

24         A picture of the "Dimple Take Apart Toy Engine and Tool" product offered

25   by Dimple is reproduced as well as the trade dress associated with Lanard's

26   Design, is shown below:

27

28

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

- 5 -
JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

| ACCUSED PRODUCT | LANARD'S TRADE DRESS |
|---|---|
|  | |

16    The Accused Product copies the features associated with the trade dress in

17  Lanard's Design.  More particularly, similar to Lanard's Registration, the color

18  schemes associated with the two products and the arrangement are identical. The

19  engine cases in the Accused Product and the trade dress of Lanard's Design, which

20  are the same shape, are both colored red. Further, the cylinders and open gearing

21  system within the red engine cases in both toys are colored gray.  The pushrods in

22  both toys are chrome.

23    The expression of the two cylinders associated with the engine are also the

24  same, including the push rods that extend up the middle of the cylinder. The push

25  rods are not only the same structure, but also form the same angle with respect to

26  the engine case. The fin structure on the outside of both cylinders is similar, as well

27  as the distributor and spark plug cables.  The gearing in the open case design is

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   identical in number and arrangement.  Lastly, the attachment points are in the exact

2   same position in both products.

3       Because of Lanard's unmistakable trade dress and original work, the

4   relevant public has and continues to be deceived and/or confused into believing

5   that Dimple's Accused Product originated from Lanard, or is somehow authorized,

6   sponsored by, or in some way associated with Lanard.

7       Dimple's unauthorized reproduction of Lanard's trade dress has created a

8   likelihood of confusion among the relevant public due to the relevant public's

9   association between the look of Lanard's trade dress and Lanard.

10      Dimple's unauthorized copying has been willful, and in doing so, Dimple

11  intentionally or negligently interfered with Lanard's business relations by offering

12  to sell the Accused Product, thereby wrongfully diverting sales from Lanard.

13      Dimple's unauthorized copying, promotion, and sale of the infringing

14  products has caused Lanard irreparable financial harm. Upon information and

15  belief, by the acts alleged above, Dimple has made substantial profits to which they

16  are not entitled and have caused Lanard to lose sales and/or other opportunities for

17  monetary relief.

18      Dimple cannot claim innocent infringement or that it "didn't know" about

19  Lanard or the infringing nature of the Accused Item because it, Dimple, only

20  obtained it from an "Asian" source.  Dimple had a duty of due diligence to

21  investigate and ascertain that the products it sells are not infringing items,

22  particularly those coming out of "Asia."  At a minimum, Dimple is liable for

23  recklessness or indifference amounting to willful infringement.

24      Based on the above conduct, Lanard has the following claims against the

25  Defendant: Copyright Infringement Under 17 U.S.C. § 101 et seq.; Trade Dress

26  Infringement Under 15 U.S.C. § 1125(a); Intentional Interference with Prospective

27  Business Advantage; Negligent Interference with Prospective Business Advantage;

28  and Unfair Competition Under California Bus. & Prof. Code § 17200 *et seq*.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

**2.     Dimple Child's Statement of the Case**

Dimple Child is an importer of toys. Dimple Child generally purchases off-the-shelf products through trading companies and/or directly from manufacturers. Dimple Child resells these products on its website, on e-commerce platforms, and to other distributors.

This case centers around 1,008 units of the accused plastic toy engine (having a total value of about $5,000), which Dimple Child purchased from an Asian trading company.  Dimple Child had no knowledge of Lanard, Lanard's Workman-Engine Builder Kit, or any of Lanard's alleged intellectual property rights until *after* it purchased and resold the accused products.  In response to Lanard's notice letter, Dimple Child informed Lanard that it had purchased only a *de minimus* quantity of the accused product, and to avoid a dispute, it would not re-order the allegedly infringing product until this matter was fully resolved. Thus, Lanard's allegation that Dimple Child acted "willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights" is nothing more than meritless posturing.

Dimple Child contends that the accused product does not infringe any of Lanard's purported rights, nor does the sale of this product constitute unlawful interference and/or unfair competition under any legal theory.

**B.     SUBJECT MATTER JURISDICTION**

This Court has original jurisdiction over the dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and includes claims of unfair competition that are joined with substantially related claims under the copyright and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).  This Court has supplemental jurisdiction over the state law claim in this case pursuant to 27 U.S.C. §1367(a).

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1 C.    **LEGAL ISSUES**

2       1.    **Copyright infringement**

3       *Lanard's Statement*

4       Whether Dimple Child's copying and use of Lanard's copyrighted design is

5 a violation of Lanard's exclusive rights to the original work of authorship in the

6 design, including but not limited to the exclusive right to make reproductions and

7 distribute copies to the public.  Further, whether the acts of Dimple Child were

8 committed willfully, knowingly, maliciously, and in conscious disregard of

9 Lanard's rights.

10       *Dimple Child's Statement*

11       Whether Lanard's copyright is valid and, if so, whether the accused product

12 copies constituent elements of the work that are original. In particular, whether

13 Lanard's copyright is invalid because Lanard's toy engine is a useful article.

14 Further, even if the copyright is valid, whether the accused product copied

15 protectable aspects of the design (rather than the idea of a toy engine).

16       2.    **Trade Dress Infringement**

17       Whether Defendants' alleged conduct with respect to the Toy Engine

18 constitutes trade dress infringement of Lanard's trade dress, i.e., whether it is likely

19 to cause confusion, mistake, and to deceive consumers.  Whether Defendants'

20 alleged actions were known, intentional, wanton, and willful.  Whether Defendants

21 have been unjustly enriched by virtue of their alleged conduct.

22       3.    **Intentional Interference with Prospective Business Advantage**

23       Whether the attached acts by Defendants in connection with Lanard's

24 Lanham Act and Copyright claims constitute intentional interference with

25 prospective business advantage. Further, whether there was an economic

26 relationship between two parties containing a reasonably probable future economic

27 benefit that would have been recognized if the outside party had not interfered, the

28 acts by Defendant designed to disrupt the business relationship, and whether there

*Gordon & Rees LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

- 9 -
JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

1  was actual disruption of the business relationship.

2      **4.**    <u>**Negligent Interference with Prospective Business Advantage**</u>

3      Whether the attached acts by Defendants in connection with Lanard's

4  Lanham Act and Copyright claims constitute negligent interference with

5  prospective business advantage. Further, whether there was an economic

6  relationship between two parties containing a reasonably probable future economic

7  benefit that would have been recognized if the outside party had not interfered, the

8  acts by Defendant designed to disrupt the business relationship, and whether there

9  was actual disruption of the business relationship

10      **5.**    <u>**California Unfair Competition**</u>

11      Whether Lanard lacks standing under California Bus. & Prof. Code § 17200

12  as an unaffected party that has not suffered injury in fact and/or lost money or

13  property as a result of the alleged unfair competition. Whether the alleged acts by

14  Defendants in connection with Lanard's Lanham Act claims constitute unlawful,

15  unfair, and fraudulent business practices prohibited by Business & Professions

16  Code Section 17200 *et seq.*  Further, whether the acts by Defendants were

17  committed willfully, knowingly, maliciously, and in conscious disregard of

18  Lanard's rights.

19  **D.**    <u>**PARTIES, EVIDENCE, ETC.**</u>

20      **1.**    <u>**Lanard's List of Parties, Percipient Witnesses, and Key Documents**</u>

21

22      **a.**    **Parties including all subsidiaries, parents, and affiliates**

- Lanard Toys Limited (Plaintiff)

23  
- Fairmount Investments Ltd. (privately-owned company that

24     owns Plaintiff)

25  
- Lanard Toys, Inc. (subsidiary of Plaintiff).

26  
- Dimple Child, LLC. (Defendant).

27

28

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**b.** **Percipient Witnesses**

- James W. Hesterberg, Managing Director of Lanard.
- Blake C. Nichols, former corporate design director of Lanard Toys, Inc.
- Logan J. Williams, Staff Product Designer of Lanard Toys, Inc.
- Glen Bloucher, independent sales representative.
- Brandon Boggs, independent sales representative.
- Angel Lee, Lanard Sales Director.
- James P. Wleklinski, Product Design Manger, Lanard Toys, Inc.
- Yvonne Cheung, General Manager, Lanard Toys Limited.
- Gary Kwon, Engineering Manager, Lanard Toys Limited.
- Jonathan R. Blackburn, Graphics Manager, Lanard Toys, Inc.
- Richard R. Perkins, R&D Designer, Lanard Toys, Inc.
- Jim Fernandez, independent sales representative.
- Defendants' corporate representatives, employees, vendors, and independent contractors.
- Defendants' customers and prospective customers for the accused infringing toys.
- All witnesses listed by other parties to this action.
- All persons referenced or identified in the pleadings, depositions, and written discovery responses.

**c.** **Key Documents**

- The Toy Engine Copyright Certificate.
- Defendant's infringing toy.
- Documents relating to the design and development, manufactures, marketing, distribution, and sale of the Toy Engine.

- 11 -

JOINT RULE 26(f) REPORT

4816-5553-2182, v. 1

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1   
2   
3   
4   
5   
6   
7   
8   
9   
10   
11   
12   
13   
14   
15   
16   
17   
18   
19   
20   
21   
22   
23   
24   
25   
26   
27   
28

- Documents relating to the transactions, agreements, and correspondences between the Defendants and involved third parties that relate to the accused product infringing Lanard's Registration and the Workman-Engine Builder Kit

- Documents relating to design and development, manufacture, marketing, distribution and sale of Defendant's accused infringing toy.

- Documents relating to Defendant's business models, structures, strategies, operations, and financial and accounting information including specifically without limitation overhead, profit, variable and fixed costs, and margins relative to the accused infringing toys, and relative to an appropriate order of magnitude of exemplary damages.

- Documents relating to Defendant's customs, practices, and business strategies regarding the proprietary designs and intellectual property of others, including documents relating to prior instances in which Defendants have been accused of infringement.

2. **Defendant's Statement Pursuant to Civ. L.R. 26-1(e)**
   **Dimple Child's List of Parties, Witnesses, and Key Documents**

   a. **Parties/Witnesses**
   - Dimple Child, LLC
   - Joe Feder, owner

   b. **Documents**
   - Purchase orders
   - e-mails

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

### E.   DAMAGES

#### 1.   Lanard

Lanard is currently unable to assess the extent of its damages pending discovery and expert analysis, and/or this is the subject of expert analysis to be disclosed as per the Court's scheduling order.  Lanard is entitled to all categories of damages available under the Copyright Act, the Lanham Act, federal and California unfair competition law, and other applicable law, such categories of damages including direct damages, Lanard's losses, Defendant's profits, damage to Lanard's reputation and loss of business existing and prospective, treble, exemplary, and punitive damages, and attorneys' fees, and such other relief as the Court may find appropriate.  Further, Lanard has the option of electing statutory damages under the Copyright Act, which in and of themselves are not "*de minimis*."

#### 2.   Dimple Child

It is premature for Defendant to calculate any potential damages until this case is declared exceptional.  However, Defendant should be awarded at least its attorneys' fees and all other costs of the Action pursuant to 15 U.S.C. § 1117(a) and 17 U.S. C § 505.

Further, Dimple Child notes that even if there was a finding of liability, the potential damages are *de minimis*.

### F.   INSURANCE

Lanard: None.

Dimple Child: None.

### G.   MOTIONS

The Court granted Dimple Child's Motion to Dismiss Lanard's Complaint. A Motion to Dismiss the First Amended Complaint is being filed on an even date herewith.

4816-5553-2182, v. 1

**H.    DISPOSITIVE MOTIONS**

**1.    Plaintiff**

Plaintiff anticipates filing a motion for partial summary adjudication of infringement on any of its asserted causes of action but reserves the right to amend this contention.  Though not a dispositive motion, Plaintiff also anticipates potentially filing a motion for summary judgment on willfulness.

**2.    Dimple Child**

Should any part of the First Amended Complaint become operative, Defendant anticipates filing a motion for summary judgement of non-infringement and no interference/unfair competition.

**I.    MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that this case is sufficiently complex that the procedures of the Manual for Complex Litigation should be utilized.

**J.    STATUS OF DISCOVERY**

Discovery has yet to commence.

**K.    DISCOVERY PLAN**

**1.    Changes in the Disclosures Under Rule 26(a)**

The Parties do not believe any changes should be made to the form or requirements of initial disclosures under FRCP 26(a)(1) and agree to serve them on May 13, 2019.

**2.    Rule 26(f) Conference**

Pursuant to FRCP 26(f) and the Court's Order Re: Setting Scheduling Conference (Dkt. 37), the Parties met and conferred on April 22, 2019.  The Conference was attended by Tuvia Rotberg and Stephen Lobbin for Dimple and Reid Dammann for Lanard.

**3.    The Scope of Anticipated Discovery**

At this time, Lanard anticipates that discovery will be needed on at least the

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

following subjects:

(a) the identification of each accused product manufactured, imported, sold and offered for sale by the Defendant;

(b) Defendant's policies regarding the intellectual property of others;

(c) the amount of damages that Lanard is entitled to receive on account of Defendant's infringement;

(d) the source of the engineering and design drawings used by Defendant to create its infringing product;

(e) Defendant's corporate structure; and,

(f) Defendant's willful infringement, and any other applicable claim or defense raised by the Parties.

Based on Lanard's claims as currently plead, Dimple Child anticipates that discovery will be needed on at least the following subjects:

Dimple Child anticipates that discovery will be needed on at least the following subjects:

(a) authorship of Lanard's Toy Engine;

(b) validity of Lanard's Copyright Reg. No. VAU1005788;

(c) title to Copyright Reg. No. VAU1005788;

(d) all styles and variations of the Toy Engine and sales thereof;

(e) scope of Lanard's alleged trade dress rights.

**4.      Discovery Phases and Limitations**

Lanard believes there is no need for discovery to be performed in phases.

**5.      Changes to Limitations on Discovery**

The Parties agree that there should be no changes to the limitations set forth in the Federal Rules of Civil Procedure relating to discovery. The Parties recognize, however, that the convenience of witnesses should be accommodated by counsel for both Parties when scheduling non-expert depositions. The Parties will cooperate in all deposition scheduling and will cooperate in good faith to make

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

1 efficient use of deposition time. The Parties reserve the right to seek leave from the

2 Court should good cause arise to request additional discovery.

3 **6.** **Stipulated Order Governing Confidential Materials**

4 The Parties agree that a protective order will be necessary due to

5 confidential business information that may need to be exchanged in this action. In

6 addition to addressing the treatment of confidential business information, the

7 Parties anticipate that this order will address issues related to inadvertently

8 produced privileged information, as well as privilege logs and electronically stored

9 information. The Parties anticipate filing a comprehensive stipulation and proposed

10 protective order for the Court's consideration and will in good faith negotiate a

11 claw back provision therein.

12 **7.** **Other Issues Related to Discovery**

13 The Parties agree that attorney-client communications with litigation counsel

14 that are created after the filing of the Complaint in this action need not be included

15 in a privilege log. Once the Parties have exchanged privilege logs, any party may

16 move the Court for an order compelling the production of any documents or

17 information identified on any other party's privilege log. The Parties will exchange

18 privilege logs no later than 30 days after each party begins production of the

19 documents requested of it.

20 **8.** **Electronic Discovery**

21 The Parties agree that electronically stored information ("ESI") shall be

22 produced in PDF format – in lieu of native files with metadata included. However,

23 the Parties specifically agree that documents produced in Excel and other

24 spreadsheet programs should be produced in their native format.

25 Notwithstanding the above, to the extent any party believes, on a case-by-

26 case basis, that documents should be produced in an alternative format, the Parties

27 have agreed that they will meet and confer in good faith concerning such

28 alternative production arrangements

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

### 9.     Evidence Preservation

The Parties believe electronic discovery and specifically, the preservation of electronic information and proper disclosure of electronically stored information may be an aspect of this case.  The Parties discussed the need to inform their clients of the retention of electronically stored information.  In addition, the Parties discussed the use of "claw back" agreements for privilege issues and believe such agreements and/or stipulations may be used in this case, so long as such agreements are used in good faith in case of inadvertent production.

### L.    PROPOSED SCHEDULE

The Parties propose as follows:

| Deadline/Event | Lanard's Proposal | Defendant's Proposal |
|---|---|---|
| Mediation deadline | March 20, 2020 | June 28, 2019 |
| Disclose opening expert witnesses and exchange opening expert reports: | December 19, 2020 | August 16, 2019 |
| Disclose rebuttal expert witnesses and exchange rebuttal expert reports: | January, 16, 2020 | September 9, 2019 |
| Discovery cutoff (Fact and Expert) | March 12, 2020 | September 27, 2019 |
| Hearing of Dispositive Motions (not including *Daubert*): | March 9, 2020 | October 28, 2019 |
| Pretrial conf. and hrg. on motions *in limine* | May 4, 2020 | November 19, 2019 |
| Start of trial | June 5, 2020 | December 3, 2019 |

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

**M.      SETTLEMENT CONFERENCE / ADR**

Lanard and Dimple Child have discussed settlement.  At this juncture, they agree that further discussions, including in the context of mediation,

are unlikely to be productive. However, the parties agree to revisit the possibility of mediation at a later stage of the case.

**N.      TRIAL ESTIMATE**

The Parties have requested that this case be tried by a jury and believe the following:

Plaintiff estimates that trial will take approximately 8 – 12 court days. Plaintiff anticipates calling 8 – 10 witnesses. Plaintiff reserves the right to amend this contention.

Defendant Dimple Child estimates that trial will take approximately 5-7 days.  Defendant anticipates calling 2-3 witnesses.  Defendant reserves the right to amend this contention.

**O.      TRIAL COUNSEL**

For Plaintiff: Richard P. Sybert and Reid E. Dammann.

For Defendant Dimple Child: Stephen M. Lobbin

/ / /

/ / /

/ / /

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1

1  **P.      INDEPENDENT EXPERT OF MASTER**

2         The Parties do not believe this is a case in which the Court should consider

3  appointing a master or an independent scientific expert pursuant to FRCP 53.

4
                                              Respectfully Submitted,
5

6   Dated:  May 6, 2019                       Gordon Rees Scully Mansukhani, LLP

7                                             By:   */s/ Reid E. Dammann*
8                                                   Richard P. Sybert
9                                                   Reid E. Dammann
                                                    Attorneys for Plaintiff
10                                                  LANARD TOYS LIMITED

11

12                                            SML Avvocati P.C.

13                                            By:   */s/ Stephen M. Lobbin*
14                                                  Stephen M. Lobbin
                                                    Austin J. Richardson
15                                                  Attorneys for Defendant
16                                                  DIMPLE CHILD LLC

17

18                   **ATTESTATION REGARDING SIGNATURES**

19         I, Reid E. Dammann, attest that all signatories listed, and on whose behalf

20  the filing is submitted, concur in the filing's content and have authorized the filing.

21   Dated:  May 6, 2019                      /s/ Reid E. Dammann
22                                            Reid E. Dammann

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

JOINT RULE 26(f) REPORT
4816-5553-2182, v. 1