Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street. Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISON

| | |
|---|---|
| **LANARD TOYS LIMITED,**<br><br>    Plaintiff,<br><br>  v.<br><br>**DIMPLE CHILD LLC,**<br><br>    Defendant. | Case No. 2:19-cv-00616-PA-E<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |

  Pursuant to L.R. 16-4, Defendant Dimple Child LLC ("Defendant") submits the following Memorandum of Contentions of Fact and Law.

  I.  **STATEMENT OF FACTS AND SUMMARY OF DEFENSES**

**A. Alleged Facts**

  Plaintiff claims ownership of a valid copyright and trade dress rights on their toy engine product (the "Lanard Toy"). Plaintiff also claims that Defendant's toy engine product (the "Dimple Toy") infringes the asserted copyright right and trade dress.

  The Dimple Toy and Lanard Toy are both small models of a V-twin engine intended for children. However, the design, appearance, and overall look of the products are substantially different. Further, before selling its product, Defendant

conducted research on other toy engine products, and even obtained a patent for the Dimple Toy from the Chinese supplier it purchased the toy from.  Further still, the Dimple Toy is a much higher quality product than the Lanard Toy (as evidenced by online product reviews) and was sold for roughly half the price of the Lanard Toy.

**B.     Summary of Key Evidence in Opposition to Plaintiff's Claims**

    **1.     Copyright Infringement**

Copyright infringement requires proof of two elements: (1) the plaintiff is the owner of a valid copyright; and (2) the defendant copied original expression from the copyrighted work.  *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 (2019).  Defendant's key evidence in defense of the claim includes the testimony of Dimple's Principal, Joe Feder, the Chinese patent of the Dimple Toy, and sales information that show minimal profits from the sale of the Dimple Toy.

    **2.     Trade Dress Infringement**

Trade dress infringement requires proof of two elements: (1) the asserted trade dress is nonfunctional; (2) the asserted trade dress is distinctive; and (3) the defendant used the asserted trade dress in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the defendant's goods.  *See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.7 (2019).  Defendant's key evidence in defense of the claim includes the testimony of Dimple's Principal, Joe Feder, the Chinese patent of the Dimple Toy, and sales information that show minimal profits from the sale of the Dimple Toy.

    **3.     Intentional Interference with Prospective Business Advantage**

Defendant's key evidence in defense of the claim includes the testimony of Dimple's Principal, Joe Feder, the Chinese patent of the Dimple Toy, and sales information that show minimal profits from the sale of the Dimple Toy.

**4.      Negligent Interference with Prospective Business Advantage**

Defendant's key evidence in defense of the claim includes the testimony of Dimple's Principal, Joe Feder, the Chinese patent of the Dimple Toy, and sales information that show minimal profits from the sale of the Dimple Toy.

**5.      California Unfair Competition**

Defendant's key evidence in defense of the claim includes the testimony of Dimple's Principal, Joe Feder, the Chinese patent of the Dimple Toy, and sales information that show minimal profits from the sale of the Dimple Toy.

## II.      Summary Statement of Affirmative Defenses and Evidence

### A.      First Affirmative Defense – Failure To State a Claim

**1.      Factual basis:**

The claims alleged by Plaintiff in the First Amended Complaint do not satisfy the pleading requirements because Plaintiff failed to show that that its copyright is valid and that the Dimple Toy infringes on the copyright.

**2.      Elements:**

To satisfy the Federal pleading requirement, Plaintiff must assert facts that "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (U.S. May 18, 2009).

**3.      Key Evidence:**

Testimony of the Plaintiff and Mr. Feder.

## III.      ANTICIPATED EVIDENTIARY ISSUES

The Parties have met and conferred and do not anticipate any evidentiary issues at this time.

## IV.      ISSUES OF LAW

Defendant does not presently anticipate that any issues of law may arise at trial, other than the issues raised by any motions *in limine* as well as issues that are not addressed in the parties' proposed jury instructions.

## V. **BIFURCATION OF ISSUES**

Defendant does not request any bifurcation of issues.

## VI. **JURY TRIAL**

All issues are triable to a jury as a matter of right, and a timely demand for jury has been made.

## VII. **ATTORNEYS' FEES**

Defendant claims that attorneys' fees may be recoverable upon a defense verdict, pursuant to 15 U.S.C. § 1117 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."), and/or 17 U.S.C. § 505 ("[T]he court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs.").

## VIII. **ABANDONMENT OF ISSUES**

Defendant is not abandoning any issues to be tried.

Respectfully submitted,

Dated:  January 3, 2020          **SML Avvocati P.C.**

By:   /s/ *Stephen M. Lobbin*
           Attorneys for Defendant

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2020, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants

/s/ Stephen M. Lobbin