1  Richard P. Sybert, Bar No. 80731
   rsybert@grsm.com
2  GORDON & REES LLP
   5901 Priestly Drive, Suite 308
3  Carlsbad, CA  92008
   Tel (760) 476-1990 / Fax (760) 841-2375
4
   Reid E. Dammann, Bar No. 249031
5  rdammann@grsm.com
   GORDON & REES LLP
6  633 West Fifth Street, 52nd Floor
   Los Angeles, CA 90071
7  Tel (213) 576-5000 / Fax 213-680-4470

8  Attorneys for Plaintiff
   LANARD TOYS LIMITED
9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  Lanard Toys Limited                    CASE NO. 2:19-cv-00616-PA-E

14                      Plaintiff,         **(1) PLAINTIFF LANARD TOYS
                                           LIMITED'S NOTICE OF
15       vs.                               MOTION AND MOTION FOR
                                           ATTORNEYS' FEES AND NON-
16  Dimple Child LLC                       TAXABLE EXPENSES
                                           (17 U.S.C. §505; FRCP 54);**
17                      Defendant.
                                           **(2) MEMORANDUM OF POINTS
18                                         AND AUTHORITIES IN
                                           SUPPORT THEREOF;**
19
                                           **(3) DECLARATION OF
20                                         RICHARD SYBERT IN SUPPORT
                                           THEREOF.**
21
                                           Hearing Date:   April 6, 2020
22                                         Hearing Time:   1:30 p.m.
                                           Courtroom:      9A
23

24

25

26

27

28

*Gordon & Rees LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 6, 2020, at 1:30 p.m. or as soon thereafter as counsel may be heard, in the United States Courthouse, 350 West First Street, Los Angeles, CA  90012 - Courtroom 9A, Plaintiff Lanard Toys Limited ("Plaintiff" or "Lanard") will, and hereby does move, pursuant to this Court's judgment entered on February 21, 2020 (Dkt No. 103), Federal Rules of Civil Procedure 54, Local Rule 54-7, and 17 U.S.C. § 505, for an award of attorneys' fees incurred in this lawsuit in the amount of $ 248,898.00 and non-taxable expenses[1] in the amount of $2,229.51.

The grounds of this Motion are that Lanard's costs and fees incurred on or in preparation for this case are reasonable and justifiable, under statute and rule. Specifically:

As to attorneys' fees, pursuant to Section 505 of the Copyright Act, 17 U.S.C. §505, Plaintiff is the prevailing party, and an award of fees would further the interests of the Copyright Act in upholding the rights of copyright owners against infringers generally, and, in this case in particular, *inter alia*, in providing redress where actual damages and profits might otherwise be too small to encourage suit.

As to expenses, non-taxable expenses are allowed to a prevailing party as a matter of course under Rule 54 of the Federal Rules of Civil Procedure and are additionally available under 17 U.S.C. §505.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Richard P. Sybert, the records and files of this action, and such additional argument and evidence as the Court may consider at the hearing of this Motion.

///

[1] Costs, or any category of costs, that are automatically taxable as a matter of right by the Clerk under the Federal Rules or Local Rules have **not** been included or duplicated in this motion.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES                                    Case No. 19-cv-00616

1    This Motion is made following the conference of counsel pursuant to L.R. 7-

2    3, which took place on February 27, 2020.

3

4    Dated:  March 6, 2020                    Respectfully Submitted,

5                                             GORDON REES SCULLY
                                             MANSUKHANI LLP
6

7                                            By:    s/ Richard P. Sybert
                                                    Richard P. Sybert
8                                                   Reid E. Dammann
                                                    Attorneys for Plaintiff
9                                                   LANARD TOYS LIMITED

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
EXPENSES                                                    Case No. 19-cv-00616

1

<u>**TABLE OF CONTENTS**</u>

2

**Page**

3    I.    INTRODUCTION ............................................................................. 1

4    II.   PLAINTIFF IS ENTITLED TO RECOVERY OF ITS COSTS AND
5          ATTORNEYS' FEES. ..................................................................... 2

6          A.    The Copyright Act Provides that a Prevailing Plaintiff May
                 Recover Its  Full Expenses and Attorneys' Fees. ................... 2
7

8          B.    This Court May Award Non-Taxable Expenses in its
                 Discretion. ............................................................................... 7
9

10   III.  PLAINTIFF'S ATTORNEYS' FEES AND COSTS WERE
           REASONABLY INCURRED ........................................................... 8
11

12   IV.   CONCLUSION ............................................................................... 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
EXPENSES                                              Case No. 19-cv-00616

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Branch v. Ogilvy & Mather, Inc.*,
  772 F.Supp. 1359 (S.D.N.Y. 1991) .................................................................. 3, 10

*Columbia Pictures TV v. Krypton Broad. Of Birmingham, Inc.*,
  106 F.3d 284 (9th Cir. 1997) ............................................................................ 2

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) .......................................................................................... 3

*Intel Corp. v. Terabyte Int'l, Inc.*,
  6 F.3d 614 (9th Cir.1993) ................................................................................. 8

*Kerr v. Screen Extras Guild, Inc.*,
  526 F.2d 67 (9th Cir.1975) ............................................................................... 9

*Kessler v. Assocs. Fin. Servs. Co. of Hawaii*,
  639 F.2d 498 (9th Cir.1981) ............................................................................. 9

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,
  345 F.3d 1140 (9th Cir. 2003) .......................................................................... 5

*Lanard Toys Ltd. v. Novelty, Inc.*,
  375 Fed.Appx. 705 (9th Cir. 2010) .................................................................. 3, 10

*Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*,
  198 F.3d 840 (11th Cir.1999) ........................................................................... 2, 6

*Princeton Univ. Press v. Michigan Doc. Servs., Inc.*,
  869 F.Supp. 521 (E.D.Mich.1994) ................................................................... 3, 10

*Range Rd. Music, Inc. v. East Coast Foods, Inc.*,
  668 F.3d 1148 (9th Cir. 2012) .......................................................................... 3, 10

*Russell v. Price*,
  612 F.2d 1123 (9th Cir. 1979) .......................................................................... 6

*Sherry Mfg. Co. v. Towel King of Florida, Inc.*,
  822 F.2d 1031 (11th Cir. 1987) ........................................................................ 3

*Wheeler v. Durham City Bd. of Ed.*,
  585 F.2d 618 (4th Cir.1978) ............................................................................. 1, 7

**Statutes**

17 United States Code
  Section 412 ....................................................................................................... 2

17 United States Code
  Section 505 ....................................................................................................... 1, 2, 3, 7

17 United States Code
  Section 410.................................................................................................5

**Rules**

Federal Rules of Civil Procedure
  Rule 54....................................................................................................1, 7

Federal Rules of Evidence
  Rule 408......................................................................................................1

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
EXPENSES                                                    Case No. 19-cv-00616

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiff Lanard Toys Limited ("Lanard") respectfully submits the following memorandum of points and authorities in support of its motion for an award of attorneys' fees and non-taxable costs incurred on or in connection with this matter.

## I.   <u>INTRODUCTION</u>

On February 21, 2020, this Court entered the judgment in favor of Plaintiff against Defendant on Plaintiff's claim of copyright infringement.  (*See* Dkt No. 103.)  Pursuant to Section 505 of the Copyright Act, 17 U.S.C. §505, Plaintiff is the prevailing party in this action, and an award of fees would further the interests of the Copyright Act in upholding the rights of copyright owners against infringers generally and, in this case in particular, in, *inter alia*, providing redress where actual damages and profits might otherwise be too small to encourage suit.

Awarding reasonable fees is also appropriate in response to Defendant's studied refusal and failure to participate meaningfully in mediation or settlement discussions.  Neither Plaintiff nor its lead counsel attended mediation despite Plaintiff traveling from abroad for that purpose.  In later settlement discussion, Defendant actually turned *down* the offer of a "walkaway," insisting that Plaintiff must pay his travel expenses to trial.  This conduct and position were unreasonable.[2]

In addition, full costs are awardable pursuant to Federal Rule of Civil Procedure 54 and 17 U.S.C. §505.  These costs, under either Rule 54 or section 505, may include expert witnesses, secretarial overtime, travel expenses, facsimiles, long distance telephone calls, photocopy costs, messenger services and any other item that an attorney would typically bill separately.  *See e.g., Wheeler v. Durham City Bd. of Ed.*, 585 F.2d 618, 623-24 (4th Cir.1978).

---

[2] Fed.R.Evid. 408(a)(2) prohibits admissibility of conduct or a statement made during compromise negotiations about the claim "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Neither is the case here.  Rather, Defendant's conduct is cited in connection with a discretionary fees award under Sec. 505.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## II.    PLAINTIFF IS ENTITLED TO RECOVERY OF ITS COSTS AND ATTORNEYS' FEES.

Following the jury trial, this Court entered the judgment in favor of Plaintiff in the copyright infringement claim and award the cost of the suit.  As discussed in greater detail below, Lanard is entitled to recover reasonable attorneys' fees and non-taxable costs, which are *at least* $248,898.00 and $ 2,229.51, respectively. *See* Declaration of Richard P. Sybert.

### A.    The Copyright Act Provides that a Prevailing Plaintiff May Recover Its Full Expenses and Attorneys' Fees.

Prevailing plaintiffs in copyright infringement typically recover their attorneys' fees pursuant to 17 U.S.C. § 505.  *Columbia Pictures TV v. Krypton Broad. Of Birmingham, Inc.*, 106 F.3d 284, 296 (9th Cir. 1997) ("a plaintiff in a copyright action is generally awarded fees by virtue of prevailing in the action") (partially overruled on other grounds.)  In order to be eligible for an award of fees under Section 505, a party must have registered its copyrighted work before the infringement began.  17 U.S.C. § 412.

The touchstone of an attorneys' fee award under Section 505 is whether imposition of fees will "further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works."  *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842-43 (11th Cir.1999).  "[I]n determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether imposition of fees will further the goals of the Copyright Act."  *Id.* at 843, (emphasis added).

Additionally, courts have routinely demonstrated no compunction about awarding attorneys' fees that far exceed statutory or actual damages in a case. *See, e.g.*, *Range Rd. Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148 (9th Cir.

- 2 -

2012) (affirming an award of $162,728 in fees for $36,000 in damages); *Princeton Univ. Press v. Michigan Doc. Servs., Inc.*, 869 F.Supp. 521, 523-24 (E.D.Mich.1994) (awarding plaintiff $326,318.52 in attorneys' fees and costs on a damages award of $30,000); *Branch v. Ogilvy & Mather, Inc.*, 772 F.Supp. 1359 (S.D.N.Y. 1991) (awarding plaintiff $116,700 in attorneys' fees on a damages award of $10,001); *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705 (9th Cir. 2010) (on remand, district court awarded total of $478,743.38 in attorney's fees and $27,499.88 in non-taxable costs on statutory damages award of $150,200 and actual damages of $6,600 and Defendants' profits of $18,668; *see* Dkt. 883).  As one court has noted, "the success achieved is more than the financial gain and that the recovery of fees is necessary to protect copyright law and to encourage the litigation of meritorious infringement claims." *Princeton Univ. Press*, 869 F.Supp. at 523-24.

To justify an award of fees under Section 505, a prevailing party is <u>not</u> required to show that the losing party acted in bad faith or attempted to maintain a frivolous legal claim, nor is a showing of willfulness required.  *Sherry Mfg. Co. v. Towel King of Florida, Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987) (emphasis added).

Instead, in awarding a fee under Section 505, a District Court may consider: (1) the degree of success obtained by the prevailing party; (2) the motivation of the parties; (3) the frivolousness of the defense; (4) the objective reasonableness of the legal and factual arguments in the case; and (5) the need in particular circum-stances to advance considerations of compensation and deterrence. *See, e.g.,* F*ogerty v. Fantasy, Inc.,* 510 U.S. 517, 535n19 (1994).  These factors suggest an award of fees in this case in Lanard's favor:

First, Lanard achieved success on the merits of its copyright infringement claim, as reflected in the judgment.  (*See* Dkt No. 103.)

1    Second, as to the parties' motivation, Lanard was motivated to protect its

2    long-term business and investment in design, and to curb these kinds of

3    infringements, which have ravaged smaller toy companies and others who act

4    ethically and responsibly.  Conversely, Defendant's motivation appears to have

5    been to avoid facing the merits or accepting responsibility, causing needless and

6    unjustified increase in fees and costs.  Defendants' cavalier attitude to mediation

7    and settlement reinforces this conclusion. (Sybert Decl ¶ 7.)  Defendant failed to

8    engage in good-faith settlement negotiation, which could have resolved this dispute

9    much more cost-efficiently. (*Id.*)  Instead of evaluating liability and damages under

10   applicable laws, Defendant simply kept alleging that Dimple Child is a small

11   business and therefore should be excused from the full liability for its infringing

12   activities. (*Id.*)  Defendant did not even meaningfully attend the mediation but only

13   sent a "friend" to attend, while in contrast, Lanard's officer flew from Hong Kong

14   (and counsel drove up from San Diego and stayed overnight) for the sole purpose

15   of resolving the matter in the most cost-efficient way. (*Id.*)

16   Defendant's refusal to treat this case seriously or to accept any responsibility

17   whatsoever was also reflected throughout the deposition of Mr. Feder, Dimple

18   Child's owner. (*See* Sybert Decl. ¶ 8.)  For example, when Mr. Feder was asked

19   the question "What do you understand Lanard's claim to be in this case," he stated,

20   "What they claim is extortion . . . That's all I have to say. They took a small

21   company, they took a small company, trying to extort them and finish.  I have

22   nothing to say to them. They have a non-valid claim, which doesn't make any

23   sense to me." (Sybert Decl. ¶ 8 . Ex B. Deposition Transcript of Joe Feder, 22:21-

24   23:4 )  He referred this lawsuit as a "stupid thing" and a "hoax." (*Id.* 33:25-34:6.)

25   He admitted he did not prepare for Dimple Child's Rule 30(b)(6) deposition

26   because "this whole thing" was "nonsense."  (*Id.* at 46:8-17.)  After all, to Mr.

27   Feder, Lanard was just "some idiot" who was suing him.  (*Id.* at 45:24-46:3.)  Mr.

28   Feder appears to have kept the lawsuit alive to spite Lanard, thinking that Lanard

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 4 -

1   would have to "spend $500,000 to sue and get $1,000." (*Id.* at 53:22-24.)  And in

2   the middle of trial, when Lanard actually offered him a "walkaway" settlement

3   with no money exchanging hands, Mr. Feder refused and demanded that Lanard

4   pay his travel costs (Lanard declined).  (Sybert Decl., ¶ 9.)

5        Third, the defense of this case can fairly be deemed frivolous.  As shown

6   above, Defendant refused to look at the facts and the law of this case, instead

7   deeming it "nonsense" simply because Defendant is a small company.  This

8   dismissive attitude was reflected in the defense of the lawsuit, including

9   Defendant's refusal to meaningfully engage in mediation and settlement

10  negotiations.

11       Fourth, the objective and subjective reasonableness of the factual and legal

12  copyright arguments in this case falls squarely in favor of Lanard.  Lanard holds a

13  valid copyright registration for its product, which constitutes *prima facie* evidence

14  of the validity of a copyright in a judicial proceeding commenced within five years

15  of the copyright's first publication."  *See* 17 U.S.C. § 410(c). *Lamps Plus, Inc. v.*

16  *Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003).  Also,

17  Defendant's infringing product is virtually identical to Lanard's toy engine

18  product, the selling of which has caused a significant impact on Lanard's sales.

19  (*See* FAC, Dkt No. 16)  Thus, Lanard's claims and arguments that Defendant

20  infringed Lanard's intellectual property are both objectively and subjectively

21  reasonable, which led to the jury's verdict in favor of Plaintiff.  Defendant also

22  repeatedly suggested that it should not be responsible for damages more than its

23  sales profits or revenues without supporting legal authorities, unfairly refusing to

24  consider Lanard's actual damages caused by its infringing activities, or the

25  availability of statutory damages. (*See* Dkt No. 72.)

26       Fifth and finally, the purposes of the Copyright Act are met here, where (1)

27  it has been determined that Lanard owns a valid copyright, and that the Defendant

28  infringed it; (2) the substantial attorneys' fees incurred and efforts that Lanard was

*Gordon & Rees LLP*
*101 W. Broadway Suite 2000*
*San Diego, CA 92101*

- 5 -

1  forced to undertake were justified and Lanard had little choice given Defendant's
2  obduracy and litigation tactics—which amounted to hoping Lanard would find that
3  prosecuting the case would be too costly and would drop the lawsuit, and given
4  Lanard's belief and perception that the collapse in its previously substantial sales
5  of this copyrighted toy were directly related to Defendant's infringement; and (3)
6  the mortal risk such infringement poses to parties such as Lanard who are willing
7  to invest in original design only to see it "knocked off."  Mr. Feder specifically
8  admitted in his deposition that his business practice was to find popular items on
9  Amazon so he could decide to import similar products. (Sybert Decl. ¶ 8. Ex. B,
10  Depo. Trans. of Joe Feder, 30:14-19.)

11       Although Defendant made a relatively small amount of sales of the
12  infringing product, awarding Lanard the attorneys' fees and cost will deter
13  Defendant's (and others') likely repeated infringement under such a business
14  model, encourage prosecution of meritorious claims of copyright infringement, and
15  further the interest of the Copyright Act.  *See Russell v. Price*, 612 F.2d 1123, 1132
16  n.25 (9th Cir. 1979); *Mitek Holdings, Inc.*, 198 F.3d at 842-43.  It would also deter
17  others like Defendant, who together chip away at Lanard's business but believe
18  that their small business size will shield them from litigation.

19        As described in the attached Sybert Declaration, Lanard's attorneys' fees
20  amount to $248,898.00, determined according to hourly rates which are reasonable
21  and below market: $395-425 for partners and $200-325 for paralegals and
22  associates.  (See Sybert Dec., ¶ 6 and Ex. A.)  As reflected in the attached invoices,
23  Lanard reasonably incurred the following attorneys' fees:

24              a.  March 6, 2019 invoice: $ 935.50;

25              b.  April 8, 2019 invoice: $ 12,052.50;

26              c.  May 6, 2019 invoice: $ 14,525.00;

27              d.  June 5, 2019 invoice: $ 19,030.50;

28              e.  July 3, 2019 invoice: $ 10,432.00;

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

- 6 -

f.   August 12, 2019 invoice: $ 4,812.50;

g.   September 9, 2019 invoice: $ 10,697.00;

h.   October 3, 2019 invoice: $ 6073.50;

i.   November 12, 2019 invoice: $ 1689.00;

j.   December 9, 2019 invoice: $ 28,519.50;

k.   January 22, 2020 invoice: $ 44,251.50;

l.   February 10, 2020 invoice: $ 38,503.00;

m.  March 5, 2020 invoice: $ 57,376.50

(*See* Invoices and Ex. A.)

Accordingly, Plaintiff respectfully requests this Court issue an award of reasonably incurred attorneys' fees to Plaintiff in the amount of $ 248,898.00.

## B.   <u>This Court May Award Non-Taxable Expenses in its Discretion.</u>

Under 17 U.S.C. §505, the Court may award "full costs" to the prevailing party.  Likewise, under Rule 54 of the Federal Rules of Civil Procedure, costs shall be allowed as a matter of course to the prevailing party.  Fed.R.Civ.P. 54(d)(1).  Claims for non-taxable expenses must be made by motion.  Fed.R.Civ.P. 54(d)(2)(A).  These costs may include expert witnesses, secretarial overtime, travel expenses, long distance telephone calls, and any other item that an attorney would typically bill separately.  *See e.g., Wheeler*, 585 F.2d at 623-24.  As described in detail in the attached Sybert Declaration, non-taxable fees and costs were reasonably incurred, and are itemized as follows:

| | | |
|---|---|---|
| Postage | $ 1.3 | *See* Invoices, Exhibits C,D |
| Messenger service | $ 27.12 | *See* Invoices and Exhibits C,D |
| Travel expense | $ 2200.59 | *See* Invoices and Exhibits C,D |
| Reproduction of Documents | $ 0.50 | *See* Invoices and Exhibits C,D |

Accordingly, Plaintiff respectfully requests that this Court issue an award of reasonably incurred non-taxable costs in the amount of $ 2,229.51.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES
Case No. 19-cv-00616

**III.     PLAINTIFF'S ATTORNEYS' FEES AND COSTS WERE REASONABLY INCURRED**

In setting a reasonable attorneys' fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.  In *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir.1993), the court set forth the steps a district court should follow in determining the amount of a fee award: "When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate."  *Id.* at 622.

In this case, the number of hours expended and the hourly rate are both reasonable.  The hourly billing rates of Plaintiff's counsel—$395-425 for partners and $200-325 for paralegals and associate and —in fact fall well <u>below</u>—by <u>hundreds of dollars--</u>the customary market rates in Southern California for experienced intellectual property litigators.  (*See* Sybert Dec., ¶ 6.)

Lanard's legal counsel have expensed at least a total of 660.2 hours in handling this lawsuit through trial and drafting this present Motion.  (*See* Sybert Dec., ¶ 4. Ex. A)  Such time was reasonable in litigating this intellectual property case through its entire life cycle, from the initial complaint to the trial and post-trial motions, especially considering Defendant's frivolous defense tactics. (*Id.*)

Lanard has provided a list of all of the time entries reflecting the work performed by its attorneys for which reimbursement is sought. (See Ex. A to Sybert Decl.) This information is taken directly from the invoices submitted to Lanard, which provide detailed descriptions of the attorneys' work. The declaration of Richard Sybert attests to the accuracy of the dollar amounts reflected in those invoices.  Based on these figures, the presumptively reasonably lodestar figure, gleaned from the invoices attached hereto, is $248,898.00.  (*Id.*)

Next, in appropriate cases, the district court may adjust the presumptively reasonable lodestar figure based upon those factors listed in *Kerr v. Screen Extras*

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES                                                          Case No. 19-cv-00616

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1   *Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), that have not been subsumed in the

2   lodestar calculation.  *Intel*, 6 F.3d at 622 (internal citation omitted).  The *Kerr*

3   factors include:  (1) the time and labor required; (2) the novelty and difficulty of

4   the questions involved; (3) the skill requisite to perform the legal service properly;

5   (4) the preclusion of other employment by the attorney due to acceptance of the

6   case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

7   limitations imposed by the client or the circumstances; (8) the amount involved

8   and the results obtained; (9) the experience, reputation, and ability of the attorneys;

9   (10) the "undesirability" of the case; (11) the nature and length of the professional

10  relationship with the client; and (12) awards in similar cases.  *Id.*  "The court need

11  not consider all … factors, but only those called into question by the case at hand

12  and necessary to support the reasonableness of the fee award."  *Kessler v. Assocs.*

13  *Fin. Servs. Co. of Hawaii*, 639 F.2d 498, 500 n. 1 (9th Cir.1981).

14      Plaintiff respectfully submits that none of the relevant *Kerr* factors operate

15  to reduce the presumptively reasonable loadstar figure in this case; indeed, they

16  may well increase it.  As the declaration of Richard Sybert shows, Mr. Sybert, a

17  senior partner and co-Chair of the Intellectual Property group in Gordon Rees

18  Scully Mansukhani, a national law firm, has represented Lanard in intellectual

19  property matter for over 20 years and has advised Lanard on numerous copyright

20  and other design and intellectual property matters, and was therefore already

21  familiar with Lanard's business and products. (*See* Sybert Dec., ¶ 5.)  Indeed, he

22  served as Lanard's General Counsel from 1993 through 2001.  (Sybert Decl. ¶ 5.)

23  *See Kerr*, 526 F.2d at 70 (length of the relationship between client and counsel is a

24  factor that further support the reasonableness of the fees charged)  The attorneys

25  and paralegal working on this case also all primarily work in the practice of

26  intellectual property law and possess the necessary specialized knowledge and

27  skills in handing this case. (*Id.*)

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1    Finally, attorneys' fees with similar rates and scales have been awarded in

2  other similar cases. *See, e.g.*, *Range Rd. Music, Inc.*, 668 F.3d at 1148 (affirming

3  an award of $162,728 in fees); *Princeton Univ. Press, Inc.*, 869 F.Supp. at 523-24

4  (awarding plaintiff $326,318.52 in attorneys' fees and costs); *Branch*, 772 F.Supp.

5  1359 (awarding plaintiff $116,700 in attorneys' fees); *Lanard Toys Ltd. v. Novelty,*

6  *Inc.,* 375 Fed.Appx. 705 (9th Cir. 2010) (on remand, district court awarded total of

7  $478,743.38 in attorney's fees).

8  **IV.    CONCLUSION**

9    For the reasons stated above, Lanard respectfully requests the Court grant its

10  motion for attorneys' fees and non-taxable costs, and order Defendants to pay

11  Lanard the amount of $ 248,898.00 in attorneys' fees and $ 2,229.51 in non-

12  taxable costs.

13
14    Dated:  March 6, 2020                    Respectfully Submitted,

15                                              GORDON REES SCULLY
                                                MANSUKHANI LLP
16
                                                By:    s/ *Richard P. Sybert*
17                                                      Richard P. Sybert
                                                        Reid E. Dammann
18                                                      Attorneys for Plaintiff
                                                        LANARD TOYS LIMITED
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
EXPENSES                                                    Case No. 19-cv-00616

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## DECLARATION OF RICHARD P. SYBERT

I, Richard P. Sybert, hereby declare as follows:

1.      I am over the age of eighteen years, and I am an attorney licensed to practice law before this Court.  I am one of the attorneys of record for the plaintiff in this action.  If called upon to testify, I could and would competently declare as follows:

2.      Gordon Rees Scully Mansukhani, LLP maintains records regarding the status and billing of its client matters as part of its regular business operations. I am familiar with these procedures and have access to the records that are kept, including those related to this case.

3.      I, along with my team, have performed work needed to pursue this lawsuit. All of that work was necessarily and reasonably done, especially due to Defendant's failure of meaningfully attending the mediation and engaging in good-faith settlement negotiation

4.      Attached hereto as Exhibit A are true and correct copies of the monthly invoices sent to our client in this matter in connection with incurred costs and expenses in this matter.  The fee total, which has been derived from Gordon & Rees' records, is $ 248,898.00. No costs are included in that fee total.

5.      The attorney and paralegal billing rates in this matter are below market.   I have practiced in the intellectual property litigation field for over forty years, and tried numerous federal jury cases through to verdict in the area.  In addition, I have represented Lanard in its intellectual property matter for over 30 years, served as its General Counsel from 1993 to 2001, and have advised Lanard on numerous copyright and design matters over the years.  Partners, associates, and paralegal working on this case all primarily work in the practice of intellectual property law and possess the necessary specialized knowledge and skills in handing this case.  I have communicated with various partner-level and associate-level attorneys in my field, including co-counsel and opposing counsel.  Based on

- 11 -

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES                                              Case No. 19-cv-00616

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1  my experience, as well as my communications in the industry, I have personal

2  knowledge that the rates charged in this matter are substantially below market.

3      6.      Plaintiff was charged concessionary low hourly rates on this case,

4  recognizing the long duration of the client relationship.   I, as a senior partner,

5  billed at $ 425 per hour, while my partner Reid Dammann and You-Fong Amato

6  billed at $395 per hour.  My associate Yan Ren billed at $325 per hour, and my

7  paralegal Rafer Weaver billed at $200 per hour. Based on my and my team's legal

8  experience, education, and training, and the nature of this case, I believe that these

9  billable rates are far *less* than what are reasonable and customary in the greater Los

10  Angeles area for intellectual property litigation

11      7.      Defendant's owner, also the sole member of Dimple Child, did not

12  attend the mediation but simply sent a friend to the mediation.  In contrast,

13  Plaintiff's representative flew from Hong Kong to Los Angeles for the sole

14  purpose of resolving the dispute in the most cost-efficient way.  I drove up from

15  San Diego the day before and stayed the night.  Defendant, however, refused to

16  meaningfully participate the mediation and engage in good-faith settlement

17  negotiation.  Defendant kept alleging that it should be excused from the full

18  liability simply because it is a small business.

19      8.      Defendant's owner, Mr. Feder, also refused to take this suit seriously

20  or accept any responsibility whatsoever at his deposition, even though he

21  specifically admitted that his business practice was to find already popular items

22  on Amazon so he could decide to import similar products.  Mr. Feder referred this

23  lawsuit as "a stupid thing," that made "no sense" to him.  He boasted that Lanard

24  would not "spend $500,000 to sue and get $1,000."  Attached hereto as Exhibit B

25  are relevant excerpts from the deposition transcript of Mr. Feder.

26      9.      In the middle of trial, when Lanard actually offered him a "walkaway"

27  settlement with no money exchanging hands, Mr. Feder refused and demanded that

28  Lanard pay his travel costs, which was denied by Lanard.

- 12 -

1       10.    Attached hereto as <u>Exhibit C</u> is a true and correct summary of costs,

2   including the travel expense, the messenger service charges, the postage charges,

3   and document reproduction charges, which were incurred by our client in this

4   matter.

5       11.    Attached hereto as <u>Exhibit D</u> is a true and correct copy of the

6   underlying documentation, if any, reflecting the costs incurred by our client in this

7   matter.

8       I declare, under penalty of perjury of the laws of the United States of

9   America, that the foregoing is true and correct to the best of my knowledge.

10       Executed this 6th day of March, 2020 at San Diego, California.

11

12                                              */s/ Richard P. Sybert*

13                                              Richard P. Sybert

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1177883/50306911v.2

- 13 -

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
EXPENSES                                  Case No. 19-cv-00616