UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court is a Motion for Attorneys' Fees and Non-Taxable Costs filed by plaintiff Lanard Toys Limited ("Lanard" or "Plaintiff") (Docket No. 108). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court previously found that this matter was appropriate for decision without oral argument.

## I.    Factual and Procedural Background

Lanard commenced this action against defendant Dimple Child, LLC ("Dimple Child" or "Defendant") asserting claims for copyright infringement, trade dress infringement, negligent interference with prospective economic advantage, intentional interference with prospective economic advantage, and unfair business practices pursuant to California Business and Professions Code section 17200. Lanard abandoned the claims for negligent interference with prospective economic advantage and unfair business practices before jury selection on the first day of trial. At the close of Lanard's case, the Court granted Dimple Child's Motion for Judgment as a Matter of Law on Lanard's claims for trade dress infringement and intentional interference with prospective economic advantage. The sole claim that went to the jury was Lanards claim for copyright infringement. The jury returned a verdict in favor of Lanard on that claim, concluded that Dimple Child was an innocent infringer for purposes of statutory damages, and awarded $25,000.00 in statutory damages, $25,000.00 in actual damages, and Dimple Child's profits of $884.00. After Lanard elected to receive its actual damages rather than the statutory damages, the Court issued a Judgment in favor of Lanard in the amount of $25,884.00.

In its Motion for Attorneys' Fees, Lanard seeks an award of $248,898.00 in attorneys' fees and $2,229.51 in non-taxable costs pursuant to 17 U.S.C. § 505 as the prevailing party on its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

copyright infringement claim.[1]  The attorneys' fees sought by Lanard include the following number of hours and hourly rates for attorneys and paralegals:

| Biller | Position | Total Hours | Hourly Rate |
|---|---|---|---|
| Richard Sybert | Senior Partner | 108.5 | 425 |
| Reid Dammann | Partner | 331.4 | 395 |
| Hazel Mae Pangan | Partner | 24.0 | 395 |
| Jeffry Cawdrey | Partner | 0.5 | 395 |
| You-Fong Amato | Partner | 58.5 | 395 |
| T. Conor McElroy | Associate | 4.9 | 325 |
| Yan Ren | Associate | 88.2 | 325 |
| Rafer Weaver | Paralegal | 43.5 | 200 |
| Siomara Hernandez | Paralegal | 0.7 | 200 |

In support of its Motion, Lanard submitted billing statements with brief descriptions of the tasks completed by the attorneys, and a Declaration from Mr. Sybert, in which he states that, "[b]ased on my and my teams legal experience, education, and training, and the nature of this case, I believe that these billable rates are far less than what are reasonable and customary in the greater Los Angeles area for intellectual property litigation."

In its Opposition to the Motion, Dimple Child contends that Lanard should not be considered the prevailing party because it obtained a favorable judgment on just one of the five claims it asserted in this action.  To assist the Court in analyzing the reasonableness of the fees, the Court ordered the parties to submit a Joint Statement in which the parties prepared a table with a description of the tasks, the time for those tasks, and any adjustments to the number of hours.  In a revised Joint Statement filed on April 20, 2020, Lanard eliminated approximately 4.8 hours of Mr. Sybert's time, and 10.3 hours of Mr. Dammann's time, because the descriptions provided in the billing statements indicated that those hours were expended on the claims on which it did not prevail.  Lanard, acknowledging its limited success, also reduced the remaining hours by 50%.  In its portion of the revised Joint Statement, Dimple Child asserted that even that amount of time was unreasonable and should be reduced by at least another 50%

---

[1]  Lanard has also filed an Application to the Clerk to Tax Costs to recover taxable costs. That Application remains pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

**II.     Legal Standard**

Under the Copyright Act of 1976, a district court may in its discretion award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The propriety of awarding attorneys' fees first turns on whether the requesting party in fact prevailed on the copyright claim, as a district courts discretion to award attorneys' fees under the Copyright Act is only triggered once there is a prevailing party. Cadkin v. Loose, 569 F.3d 1142, 1147 (9th Cir. 2009). To be a prevailing party, a litigant must obtain a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (quoting Tex. State Teachers Assn v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S .Ct. 1486, 103 L. Ed. 2d 866 (1989)); see Cadkin, 569 F.3d at 1149.

"Plaintiffs may be considered prevailing parties for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983) (internal citation and quotation marks omitted).

No precise formula governs whether a court should exercise its discretion to grant attorneys' fees to the prevailing party. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Rather, "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., __ U.S. __, 136 S. Ct. 1979, 1985, 195 L. Ed. 2d 368 (2016). The Supreme Court has approved a nonexclusive list of factors to consider, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19. (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see Shame On You Prods., Inc. v. Banks, 893 F.3d 661, 666 (9th Cir. 2018). A court should give substantial weight to the reasonableness of the losing party's litigating position but must also take into account the other relevant factors. See Kirtsaeng, 136 S. Ct. at 1983, 1988-89. In applying these factors, the Court must remain "faithful to the purposes of the Copyright Act," which was intended to discourage infringement and enrich the public through access to creative works. Fogerty, 510 U.S. at 526-27, 534 n.19; see Kirtsaeng, 136 S. Ct. at 1989.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

**III.    Analysis**

      **A.    Whether Attorneys' Fees Should Be Awarded**

      Here, Lanard is the prevailing party under the Copyright Act.  Additionally, in considering the "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," the Court concludes that these factors weigh in favor of an award of fees to Lanard.  Fogerty, 510 U.S. at 534 n.19.  Lanard successfully prosecuted its copyright infringement claim and, as a result, discouraged infringement and advanced the purposes of the Copyright Act.

      While the parties disputed the amount of damages and whether Dimple Child was an innocent infringer for purposes of statutory damages, issues the Court will discuss in assessing the amount of fees, Dimple Child's defense to the substantive infringement claim was relatively weak.  See Kirtsaeng, 136 S. Ct. at 1986-87 ("When a litigant whether plaintiff or defendant, is clearly correct, the likelihood that he will recover fees from the opposing (i.e., unreasonable) party gives him an incentive to litigate the case all the way to the end.  The holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small; and likewise, a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorneys fees in a protracted suit might be as or more costly than a settlement.  Conversely, when a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood' that he will have to pay two sets of fees discourages legal action.  The copyright holder with no reasonable infringement claim has good reason not to bring suit in the first instance (knowing he cannot force a settlement and will have to proceed to judgment); and the infringer with no reasonable defense has every reason to give in quickly, before each sides litigation costs mount.").

      According to the evidence at trial, Lanard expended substantial time and expense to develop its toy engine.  Although the toy had some features common to the actual engines it depicted, it included novel features for such a toy.  While Dimple Child argued that aspects of Lanard's toy were generic and should not be entitled to copyright protection, Dimple Child had no evidence or expert opinion to support that defense.  The only witness for Dimple Child was its principal, who saw the version of the toy Dimple Child sold at a toy fair offered for sale by a Chinese company.  Before agreeing to import a shipment of the Chinese toy into the United States, Dimple Child's principal saw that others had success selling similar toys through outlets like Amazon.  For these reasons, the Court concludes that an award of attorneys' fees furthers the purposes of the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

### B. The Amount of Attorneys' Fees to Be Awarded

A reasonable attorneys' fee is determined in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). Also, in determining the lodestar amount, the burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court should "exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Sorenson, 239 F.3d at 1146 (internal quotation marks and citation omitted).

Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975).[2] "A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011). "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." Pisotoresi v. Madera Irrigation Dist., 2009 WL 910867, at *6 (E.D. Cal. April 2, 2009) (quoting Ketchum v. Moses, 24 Cal. 4th 1122, 1138, 104 Cal. Rptr. 2d 377, 388 (2001). Although the court has broad discretion in determining

---

[2] The twelve Kerr factors bearing on reasonableness are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Kerr, 526 F.2d at 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

attorneys' fee awards, it must provide some indication or explanation as to how it arrived at the amount of fees awarded." Fair Hous. of Marin v. Combs, 285 F.3d 899, 907 (9th Cir. 2002). In assessing whether to adjust the fees, a district court should consider:

> If a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiffs claims were interrelated, nonfrivolous, and raised in good faith. . . .
>
> . . . . That the plaintiff is a "prevailing party" therefore may say little about whether the expenditure of counsels time was reasonable in relation to the success achieved.
>
> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

Hensley, 461 U.S. at 436-37.

As the Ninth Circuit has held, the reasonableness of a fee award is determined by answering two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" McCown v. City of Fontana, 565 F.3d 1097, 1103 (9th Cir. 2009) (quoting Hensley, 461 U.S. at 434). "A plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff's successful . . . claim." Id. "However, in a lawsuit where the plaintiff presents different claims for relief that 'involve a common core of facts' or are based on 'related legal theories,' the district court should not attempt to divide the request for relief on a claim-by-claim basis. Instead, the court must proceed to the second part of the analysis and focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. (quoting Hensley, 461 U.S. at 435). If apportionment is impossible or impractical, courts often do not attempt to apportion the time spent on related, unsuccessful claims, but simply make a percentage reduction in the hours claimed. See, e.g., Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy, 305 F.3d 943 (9th Cir. 2002) (affirming reduction of fee request reduction by 30% to account for limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

success); Cairns v. Franklin Mint Co., 292 F.3d 1139 (9th Cir. 2002) (affirming fee request reduction by 26% to account for time spent on non-recoverable claims).

"A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." Hensley, 461 U.S. at 440. "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. . . . Where the difference between the lawyers request and the courts award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the courts reasoning is expected." Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). Although there is no strict proportionality between the amount of damages awarded to the amount of damages sought, a comparison of those amounts is required. See McCown, 565 F.3d at 1104. Indeed, in situations where a plaintiff "clearly fell far short of his goal . . . it is unreasonable to grant his attorneys more than a comparable portion of the fees and costs they requested." Id. at 1104-05; see also id. at 1105 ("Although the district court need not be so mechanical as to divide the amount of fees and costs requested by the number of claims, and therefore grant one-ninth of the fees and costs, the district court should take into account [plaintiff's] limited success when determining a reasonable reward.").

For purposes of the initial lodestar calculation, and although Dimple Child contends that Lanard should not be awarded any fees, or, at a minimum, a drastically reduced amount of fees, Dimple Child does not challenge the reasonableness of the hourly rates requested by Lanard. The Court therefore adopts those rates as reasonable for similar work performed by attorneys and paralegals of comparable experience and quality in the community. For purposes of determining a reasonable number of hours, Lanard eliminated 4.8 hours of Mr. Sybert's time, and 10.3 hours of Mr. Dammann's time in the revised Joint Statement because the descriptions provided in the billing statements indicated that those hours were expended on the claims on which Lanard did not prevail. The Court's review of the billing records shows that another 0.3 hours of Mr. Sybert's time, and 5.8 hours of Mr. Dammann's time, was devoted to work concerning Lanard's efforts from July 23, 2019, to July 29, 2019, to have United States Customs and Border Protection limit the importation of additional infringing toys into the United States. That work does not appear to be focused on Dimple Child's activities or otherwise advance this litigation. The Court therefore eliminates all of this time from the time requested by Lanard. With those deductions, the original lodestar amount claimed by Lanard is reduced from the $248,898.00 Lanard originally requested to $240,371.00.

The Court concludes that, given Lanard's limited success, including a verdict of $25,884, and judgment in its favor on just one of five claims it pursued, $240,371.00 is an unreasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

high amount of attorneys' fees. By agreeing to a 50% reduction in the revised Joint Statement, Lanard seems to recognize the propriety of a reduction. Because of both the volume of the billing records provided by Lanard, and the vague nature of the task descriptions provided by its counsel, the Court is unable to make further specific reductions to the hours Lanard's counsel claims to have worked. The Court must therefore make a percentage reduction in the fees requested to arrive at a reasonable fee.

In determining the percentage reduction, the Court notes that, at various times, including during trial, Lanard sought from Dimple Child damages for the entire amount of what Lanard contended was the collapse of the market for its toy. These damages, according to Lanard, exceeded $1 million. Lanard, however, never had any competent evidence that Dimple Child's sale of 1,000 units could have caused such damages. Instead, even if the market for Lanard's toy collapsed, it was far more likely that the collapse was caused by the fact that a "Chinese knockoff" toy existed, and was apparently sold, or capable of sale, by others, than that Dimple Child was responsible for the entire collapse. Because an infringer can only be liable for the "damages suffered as a result of the infringement," Ninth Circuit Manual of Model Civil Jury Instructions 17.32, and "caused by the defendant," Id., Instruction 5.1, such damages claims based on a market collapse theory were never recoverable from Dimple Child either factually or legally. Even the $200,000.00 Lanard apparently demanded during a mediation, and before Lanard incurred the fees with trial preparation and trial, was inflated. See McCown, 565 F.3d 1104 n.4 (considering demands made during settlement negotiations, despite Federal Rule of Evidence 408, when both parties reference settlement in the briefing on attorneys' fees).[3/] The fact that Lanard alternatively sought $150,000.00 in statutory damages for willful infringement, but the jury only awarded $25,000.00 in statutory damages, and found that Dimple Child was an innocent infringer, also supports a substantial reduction in the attorneys fee award.

Based on all of these factors, the Court concludes that an award of 20% of the $240,371.00 lodestar amount, for a final award of $48,074.20, results in a reasonable fee award. The reduction to 20% of the fees sought is consistent with Lanard prevailing on just one of its 5 claims. Additionally, as the Court explained in denying Dimple Childs Motion for New Trial, the jury's award of $25,000.00 in actual damages, plus the $884.00 in profits, found support in the fact that the 1,000 units sold by Dimple Child had a price that was approximately $25.00 per unit cheaper than Lanard's product. The jury's damages award was about the most that Lanard

---

[3/] According to Lanard, Dimple Child declined a "walk away" settlement offer during the trial. Based on that later settlement offer, Lanard's ultimate recovery of $25,884.00, could be considered a moderate success.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

could have reasonably expected to recover. When that amount is all that a plaintiff might reasonably hope to recover, recovering attorneys' fees of approximately twice the potential damages, at least in the circumstances presented here, is a reasonable recovery, and creates the proper incentive for the owner of a copyright to prosecute a viable claim in a manner proportional to the harm it incurred, without unnecessarily penalizing an innocent infringer or encouraging wasteful litigation. At the same time, this reduction, and an award of fees in excess of the damages created by this level of reduction also properly discourages the unreasonable settlement posture and lack of preparation with which Dimple Child approached the litigation. The reduction to 20% of the fees sought is also reasonable and related to the damages awarded when compared to the amounts demanded and sought during settlement and at trial (as a percentage of the $150,000.00 in maximum statutory damages, the $25,884.00 recovery represents 17.26% of the amount sought; Lanards recovery represents approximately 12.94% of its $200,000 settlement demand). For these reasons, the Court concludes that awarding 20% of the lodestar amount represents a reasonable award of attorneys' fees in this action. The Court therefore awards Lanard $48,074.20 in attorneys' fees.

    **C.**    **Non-Taxable Costs**

Lanard additionally seeks an award of non-taxable costs of $2,229.51, which is comprised of $1.30 in postage, $27.12 in messenger service charges, $0.50 in duplication costs, and $2,200.59 in travel expenses, the vast majority of which were incurred for travel to New York to depose Dimple Child's representatives. Although Dimple Child objects to these costs based on its arguments that Lanard should not be considered the prevailing party, and that the costs are unreasonable given Lanard's limited success, Dimple Child does not otherwise argue that the costs themselves are excessive. The Court concludes that the non-taxable costs are reasonable and declines to make a further reduction. See McCown, 565 F.3d at 1103 n2 ("Although costs do not necessarily track fees, with some costs being fixed and independent of the number or success of claims filed, we note that the district court has discretion to reduce unreasonable costs."). The Court therefore awards Lanard non-taxable costs of $2,229.51.

**Conclusion**

For all of the foregoing reasons, the Court grants, in part, Lanards Motion for Attorneys' Fees and Non-Taxable Costs. Specifically, the Court concludes that Lanard is the prevailing party on its claim for copyright infringement and that an award of attorneys' fees furthers the goals of the Copyright Act. The Court additionally concludes, however, that as a result of Lanard's limited success, both as to the other claims on which it did not prevail, and the copyright claim on which it recovered a fraction of the damages it sought, the Court must reduce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | May 4, 2020 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

the amount of attorneys' fees to a reasonable amount. The Court therefore awards to Lanard attorneys' fees of $48,074.20, and non-taxable costs of $2,229.51.

    IT IS SO ORDERED.