UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | April 21, 2021 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Kamilla Sali-Suleyman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

On April 16, 2021, the Ninth Circuit awarded plaintiff-appellee Lanard Toys Limited ("Lanard") its attorneys' fees on appeal and transferred to this Court the determination of an appropriate amount of fees. The Ninth Circuit had previously affirmed this Court's denial of defendant-appellant Dimple Child LLC's ("Dimple Child") Motion for Judgment as a Matter of Law or For New Trial, and the granting of Lanard's Motion for Attorneys' Fees for fees incurred during the proceedings in this Court. This Court has reviewed the briefing and evidence filed in support of and in opposition to Lanard's Motion for Attorneys' Fees on Appeal, and concludes that no further briefing is necessary. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Because the Ninth Circuit has awarded Lanard its attorneys' fees on appeal, and transferred only the determination of an appropriate amount of fees to this Court, the only issue for this Court to resolve is the reasonable fees to award on appeal. A reasonable attorneys' fee is determined in two steps. First, the Court must determine a reasonable "lodestar" fee by multiplying the number of hours reasonably expended by the attorneys on the litigation by a reasonable hourly rate. McElwaine v. US West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999). A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the party seeking fees to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). Also, in determining the lodestar amount, the burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Van Gerwen v. Guar. Mut. Life. Co., 214 F.3d 1041, 1045 (9th Cir. 2000). The Court should "exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | | Date | April 21, 2021 |
|---|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | | |

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Sorenson, 239 F.3d at 1146 (internal quotation marks and citation omitted). Second, the Court determines if the lodestar should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975).[1/] "A trial court has broad discretion to determine the reasonable amount of an attorney fee award, including whether to increase or decrease the lodestar figure." Jadwin v. County of Kern, 767 F. Supp. 2d 1069, 1141 n.80 (E.D. Cal. 2011).

On appeal, Lanard seeks an award of fees for work performed by partner Richard Sybert at $425 per hour, partner Reid Dammann at $395 per hour, and associate Hannah Brown at $325 per hour. This Court previously found these same partner and associate rates reasonable when it granted Lanard's Motion for Attorneys' Fees, and the Ninth Circuit affirmed the Court's order. Dimple Child does not challenge the reasonableness of the hourly rates requested by Lanard. The Court therefore adopts these rates as reasonable for similar work performed by attorneys of comparable experience and quality in the community.

According to the evidence submitted in support of the Motion for Attorneys' Fees on Appeal, Mr. Sybert worked 15.4 hours (for a total lodestar of $6,545.00), Mr. Dammann worked 1.2 hours (for a total lodestar of $474.00), and Ms. Brown worked 43.6 hours (for a total lodestar of $14,170.00). Lanard therefore seeks an award of $21,189.00 in attorneys' fees for the work performed by its counsel on appeal. In its Opposition to the Motion for Attorneys' Fees on Appeal, Dimple Child asserts that "the amount should be tempered" and that "[n]o more than the hours spent on Lanard's brief on the merits should be permitted." Dimple Child does not otherwise identify any excess time it believes Lanard seeks, or provide any support or argument for any reduction in the amount of time Lanard's counsel expended on appeal. Having reviewed the evidence submitted in support of Lanard's Motion for Attorneys' Fees on Appeal, the Court concludes that all of the time sought is reasonable and that no adjustment in the lodestar amount is necessary.

---

[1/] The twelve Kerr factors bearing on reasonableness are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Kerr, 526 F.2d at 70.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-616 PA (Ex) | Date | April 21, 2021 |
|---|---|---|---|
| Title | Lanard Toys Limited v. Dimple Child LLC | | |

For all of the foregoing reasons, the Court concludes that Lanard is entitled to $21,189.00 in attorneys' fees. The Court therefore awards Lanard $21,189.00 in attorneys' fees for the work performed by Lanard's counsel on appeal. This amount is in addition to the attorneys' fees previously awarded by this Court that were subsequently affirmed on appeal.

IT IS SO ORDERED.